[Crim. No. 3958. Second Dist., Div. One. May 31, 1946.]

THE PEOPLE, Respondent, v. ALLEN G. SCOTT, Appellant.

Morris Lavine for Appellant.

Robert W. Kenny, Attorney General, and Robert S. Morris, Jr., Deputy Attorney General, for Respondent.

WHITE, J.—In an information containing two counts, filed by the District Attorney of Los Angeles County, defendant was accused in each count of a violation of the Corporate Securities Act. The information also charged a prior conviction of a felony. Defendant entered a plea of guilty to the crime charged in count II and admitted the prior conviction. Judgment was pronounced against him whereby he was sentenced to the state prison for the term prescribed by law. Count I was dismissed. Defendant appeals from the judgment.

Appellant's sole contention on appeal is that count II of the information fails to state a public offense. The challenged pleading reads:

"For a further and separate cause of action, being a different offense of the same class of crimes and offenses as the charge set forth in Count I hereof, the said A. G. Scott is

accused by the District Attorney of and for the County of Los Angeles, State of California, by this information, of the crime of VIOLATION OF THE CORPORATE SECURITIES ACT, a felony, committed as follows: That the said A. G. SCOTT, on or about the 28th day of June 1944, at and in the County of Los Angeles, State of California, did willfully, unlawfully and feloniously sell and issue and cause to be sold and issued for value to M. S. Silengo, a security, to wit: an investment contract, a certificate of interest and participation, a certificate of interest in title to property, profits and earnings, as follows: Ten percent of the net earnings of the Coachella cut-off project of the All American Canal sub-contract under M. H. Hasler, without having applied for, or obtained from the Corporation Commissioner of the State of California, a permit so to do."

In urging a reversal of the judgment, appellant relies solely upon the case of *People* v. *Davenport,* 21 Cal.App.2d 292 [69 P.2d 396]. In that case the court, after setting out in full the allegations of count XIII, which was comparable to the offense involved in this appeal, said (p. 294): "The pleader's designation of the character of the contract is a mere conclusion, and, since there is no evidence before this court of the nature of the contract, we are unable to determine whether the investment contract was one falling within the provisions of the Corporate Securities Act or not."

In other words, the court was unable to determine from the pleading which characterized the security therein pleaded merely as "Agreement Noel Davenport and Margaret Nelson," whether it came within the terms and meaning of a "security" as defined in the Corporate Securities Act. The pleading with which we are here concerned is not subject to such stricture. After generally describing the security in the language of the statute as "an investment contract, a certificate of interest and participation, a certificate of interest and title to property, profits and earnings," the pleader specifically describes the security in question as "ten percent of the net earnings of the Coachella cut-off project of the All American Canal subcontract under M. H. Hasler."

Section 2(a), subdivision 7, of the Corporate Securities Act (Stats. 1917, p. 673; Stats. 1937, p. 1428; 2 Deering's Gen. Laws, Act 3814) defines a security as follows: "The word 'security' shall include any stock, bond, note, treasury stock, debenture, evidence of indebtedness, certificate of interest or

participation, certificate of interest in a profit-sharing agreement, certificate of interest in an oil, gas or mining title or lease, collateral trust certificate, any transferable share, investment contract, or beneficial interest in title to property, profits or earnings, guarantee of a security and any certificate of deposit for a security."

We experience no difficulty in determining in the case at bar that the security pleaded in count II of the information was definitely and adequately described as a "profit-sharing agreement," a "beneficial interest in . . . profits or earnings." It must therefore be held that the wording of the information in the instant case distinguishes it from the case of People v. Davenport, supra, for the reason that herein the nature of the investment contract is expressly described and the court was enabled by such description to determine that the same came within the purview of the Corporate Securities Act, and that the reason assigned for reversal of the judgment in People v. Davenport, supra, is not here present.

The judgment is affirmed.

York, P. J., and Doran, J., concurred.